# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DERRICK DAMOND BARRON, )
)
    Plaintiff, )
)
v. ) CV425-271
)
DR. CHRISTOPHER E. )
WALLS, *et al.*, )
)
    Defendants. )

## ORDER

*Pro se* plaintiff Derrick Damond Barron has filed this action alleging that several surgeons at "Savannah Memorial Hospital" committed medical malpractice. *See* doc. 1 at 5-6. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 8 & 9. The Court, therefore, proceeds to screen his Complaint, pursuant to 28 U.S.C. § 1915(e).[1] For the reasons explained

---

[1] The Court might also screen the Complaint pursuant to 28 U.S.C. § 1915A. Although the two physician defendants are not obviously "governmental . . . officer[s] or employee[s] of a governmental entity[,]" he also asserts a claim—albeit not a viable one—against Warden Ray Odom, who was his custodian during the time at issue. *See* doc. 1 at 6. The screening standards under the two sections are the same. *See, e.g., Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

below, this Court lacks subject matter jurisdiction over his claims. Therefore, his Complaint must be **DISMISSED**. Fed. R. Civ. P. 12(h).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)). As Barron is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings

2

drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Barron alleges that Defendants Dr. Christopher E. Walls and Dr. Stephanie Ireland-Gordy performed what appears to be vascular surgery to address an injury on June 15-16, 2023. Doc. 1 at 5. During that surgery, his elbow suffered a cut "deep enough to damage [his] tendons, veins, and nerves," resulting in loss of mobility in several fingers on his right hand. *Id.* He also appears to assert a claim of some sort against Warden Odom. *See id.* at 6. His allegations concerning Warden Odom state, unedited and in their entirety: "Negligence, Warden Roy Odom failure to the degree of care appropriate to the circumstance. resulting in an unintended injury to another. He was my Custodian 6-15-23 (day of stabbing)." *Id.* He seeks monetary damages. *Id.*

While the facts alleged in Barron's Complaint may implicate claims under state law, including medical malpractice, *see, e.g.,* O.C.G. A. § 9-3-70, or general negligence, *see, e.g.,* O.C.G.A. § 51-1-9, there is no discernable basis for this Court to exercise jurisdiction over any such claim. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court

3

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court has an "independent obligation to ensure that jurisdiction exists." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))).

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of

4

federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction." *McLemore v. Henry*, 2020 WL 1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted). Barron has submitted his Complaint on a form provided to prisoners to assert claims under 42 U.S.C. § 1983. *See generally* doc. 1. However, there is no allegation that any of his federal rights were implicated, much less violated, by the surgical incident. *See, e.g.*, 42 U.S.C. § 1983 (providing action for damages for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," of the United States); *Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Given that Barron's Complaint, despite the heading on the form, does not plausibly implicate any constitutional claim, the Court's subject matter jurisdiction cannot be based upon § 1331.

Jurisdiction under § 1332 can be established, even over state law claims, if the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000. *See, e.g.,* 28 U.S.C. § 1332(a)-(b). To the extent that the citizenship of any of the parties is discernable at all, they all appear to be Georgia citizens. *See* doc. 1 at 4. It, therefore, appears that Barron has not, and could not, plead any facts that would establish this Court's subject matter jurisdiction over any claim arising from the alleged medical malpractice.

Since Barron has failed to plead any basis for this Court's subject matter jurisdiction, his Complaint, doc. 1, is **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 12(h). Although *pro se* parties are often entitled to an opportunity to amend their complaints before dismissal, for the reasons explained above, Barron's claims do not appear amendable.[2] *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

---

[2] The opportunity to amend in this case is also unwarranted because it appears that any medical malpractice or negligence claim asserted in November 2025 and arising from injuries suffered in June 2023 would be time-barred. *See* O.C.G.A. §§ 9-3-17(a); 9-3-33.

6

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Barron had no average monthly deposits to or balance in his prison trust account. *See* doc. 9 at 1. He, therefore, does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.

**SO ORDERED,** this 28th day of January, 2026.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA